UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE L. RUBERT,

                          Plaintiff,

            -against-

VILLAGE OF MONTICELLO; P.D.
OFFICER MILLER, *ID No. 627*; P.D.
OFFICER MOTA, *ID No. 633*; P.D.
OFFICER YOUMANS, *ID No. 636*;
MONTICELLO POLICE DEPARTMENT,

                          Defendants.

19-CV-10636 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently incarcerated in the Orange County Jail, brings this *pro se* action under

42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order

dated December 5, 2019, the Court granted Plaintiff's request to proceed without prepayment of

fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court grants

Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint: On April 1, 2018, a justice of the Monticello Village Justice Court issued a warrant for Plaintiff's arrest. Plaintiff initially asserts that he does not know why the warrant was issued, but then states that his wife filed a complaint

against him for violating an order of protection and that "the arrest warrant was issued because of an alleged violation" of an order of protection. (ECF No. 2, at 5.)

On April 5, 2018, Officer Miller of the Monticello Police Department stopped Plaintiff's vehicle "under the preten[s]e" that Plaintiff's "front tail lights" were faulty. (*Id.* at 5.) Plaintiff stepped out of the car to check his headlights and was "suddenly slam[m]ed" onto his vehicle "without warning from behind" by Officer Mota. (*Id.* at 5-6.) Plaintiff was taken to Monticello Police Headquarters and charged with criminal contempt and possession of a controlled substance and drug paraphernalia.[2]

Plaintiff asserts that Officers Mota and Miller pulled him over "without probable cause or under false preten[s]es," arrested him without producing a warrant, and searched his vehicle without a warrant and without probable cause, in violation of his rights under the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments. He further alleges that they conspired to deprive him of his freedom by detaining him in jail until he was able to post bail.

Plaintiff claims that Officer Youmans filed a false police report. He maintains that Officer Youmans "fabricated the whole [April 6, 2018] arrest report."[3] (*Id.*) Without providing additional

---

[2] Plaintiff attaches an arrest report filed by Officers Miller and Mota relating to the April 5, 2018 arrest. (ECF No. 2, at 11.) The report indicates that Carmen Rubert, described elsewhere as Plaintiff's ex-wife, complained that Plaintiff continues to harass her and that she wanted to sign a complaint to obtain an order of protection. (*Id.*) The report further states that Officer Mota discovered "multiple plastic baggies containing white chalky residue, 14 loose baggie[s] for packaging, and a digital scale" in the trunk of Plaintiff's car. (*Id.*) Plaintiff wrote across the bottom of the report, "All charges were dismissed." (*Id.*)

[3] Plaintiff attaches a copy of Officer Youman's arrest report, which indicates that Carmen Rubert came into the police department office and filed a complaint that Plaintiff was harassing her by repeatedly calling and texting her cell phone and calling her job. (ECF No. 2, at 10.) Ms. Rubert was worried that Plaintiff "may do something to her and the kids." (*Id.*) Without further explanation, Plaintiff wrote across the bottom of the arrest report, "Note: this is a false report written by Officer Youmans, everything in report is false except plaintiff's personal information." (*Id.*)

information, Plaintiff also asserts that Monticello police have harassed him "starting from an incident which [o]ccurred on August 2, 2017." (*Id.*)

Plaintiff seeks money damages.

## DISCUSSION

### A.    Claims against the Monticello Police Department

Plaintiff's claims against the Monticello Police Department must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). The Court therefore dismisses Plaintiff's claims against the Monticello Police Department. 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.    Claims against the Village of Monticello

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the

plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff names the Village of Monticello as a Defendant but fails to plead sufficient facts suggesting that any policy, custom, or practice of the Village of Monticello caused a violation of his rights. The Court therefore dismisses Plaintiff's claims against the Village of Monticello for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.     False arrest

The Court construes the complaint as asserting claims of false arrest against Officers Miller and Mota. A claim for false arrest under § 1983 looks to state law as a starting point to determine the elements of a claim for false arrest. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of § 1983 claims and courts should not "mechanically apply" the law of New York State); *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an

action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

If "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest," the arrest is privileged, and the plaintiff cannot state a claim for false arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."). Put another way, police officers may have had probable cause to arrest if they have acted reasonably, even if they were mistaken.

An arrest pursuant to a warrant is presumed to be reasonable under the Fourth Amendment because such warrants are issued only after a showing of probable cause. *Walczyk v. Rio*, 496 F.3d 139, 155-56 (2d Cir. 2007); *see Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) ("Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner[.]"). A plaintiff may rebut the presumption of probable cause and state a false arrested claim "only if he alleges facts suggesting that the arrest warrant was facially invalid of that it was procured through fraud, perjury, or the misrepresentation or falsification of evidence." *Vasquez v. Reilly*, ECF 9:15-CV-9528, 46

(S.D.N.Y. Mar. 9, 2017), 2017 WL 946306, at *7; *see also Soares v. Connecticut*, 8 F.3d 914, 920 (2d Cir. 1993) ("A plaintiff can demonstrate that [his right to be protected against false arrests] was violated where the officer submitting the probable cause affidavit 'knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit' or omitted material information, and that such false or omitted information was 'necessary to the finding of probable cause.'").

Here, a justice of the Monticello Village Justice Court issued a warrant for Plaintiff's arrest, which Plaintiff attaches to the complaint. (ECF No. 2, at 14.) Plaintiff does not allege any facts to suggest that the arrest warrant was procured by fraud, misrepresentation, or falsification of evidence. While Plaintiff does assert that Officer Youmans "fabricated the whole [April 6, 2018] arrest report," he does not allege facts in support of this conclusion. Nor does he allege that the report was provided to the judge or formed a basis of her decision to issue the arrest warrant.[4] Plaintiff therefore does not rebut the presumption that the arrest warrant was issued upon a showing of probable cause. The Court dismisses Plaintiff's false arrest claims for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

D.     **Fair trial**

The Court construes Plaintiff's allegation that Officer Youmans fabricated a police report as asserting a claim that Officer Youmans violated Plaintiff's right to a fair trial. A police officer denies a defendant a fair trial when the officer creates "false information likely to influence a jury's decision and forwards that information to prosecutors." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997). "A plaintiff need not have proceeded to a full trial on the

---

[4] It appears unlikely that the arrest warrant was based on Officer Youmans' arrest report, as the warrant was issued on April 1, 2018, and Officer Youmans' report documents an April 6, 2018 arrest.

merits in order to have an actionable section 1983 claim based on the denial of a fair trial."
*Marom v. City of New York*, ECF 1:15-CV-2017, 48, 2016 WL 916424, at *9 (S.D.N.Y. Mar. 7, 2016) (citing *Ricciuti*, 124 F.3d at 127).

In *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014), the Second Circuit held that the district court properly dismissed a claim that officers violated the plaintiff's right to a fair trial where the plaintiff failed to plead facts plausibly showing that the officer's evidence was false. *Cf. Long v. New York City*, ECF 1:14-CV-9908, 67, 2016 WL 4203545, at *3 (S.D.N.Y. Aug. 8, 2016) (holding that fair trial claim was not vague or conclusory where plaintiff described evidence that was allegedly fabricated and pled that false information was included in arrest report and in the criminal complaint).

Here, Plaintiff merely asserts that the information contained in Officer Youman's report is false. The only fact Plaintiff alleges in support of his claim is that the report indicates Officer Youmans arrested Plaintiff on April 6, 2018, which Plaintiff maintains is "impossible" because he was taken into custody on April 5, 2018. (ECF No. 2, at 7.) Even assuming the report included an incorrect arrest date, such an inaccuracy is unlikely to influence a jury's decision. *See Ricciuti*, 124 F.3d at 130. The Court therefore dismisses Plaintiff's fair trial claims against Officer Youmans for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### E.    Conspiracy

To state a claim for conspiracy to violate § 1983, a plaintiff must allege: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir.1999). The complaint does not allege any agreement between Defendants to inflict an unconstitutional injury. Plaintiff

rather makes the conclusory statement that Defendants "conspired to deprive [him] of [his] freedom." (ECF No. 2, at 6.) The Court therefore dismisses any conspiracy claims Plaintiff may be asserting for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Because it is unclear if amendment is futile, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. To the greatest extent possible, Plaintiff's amended complaint must:

    a)   give the names and titles of all relevant persons;

    b)   describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

    c)   give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

    d)   give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-10636 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 10, 2020
         New York, New York

                                                      COLLEEN McMAHON
                                 Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   ☐ Yes     ☐ No
(check one)

___ Civ. _____ (    )

**I.     Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's          Name_____
                     ID#_____
                     Current Institution_____
                     Address_____
                     _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1     Name _____ Shield #_____
                    Where Currently Employed _____
                    Address _____
                    _____

Defendant No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

**Who did what?**

Defendant No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____


## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.    Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____


B.    Where in the institution did the events giving rise to your claim(s) occur?

_____


C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____


D.    Facts:_____

**What happened to you?**

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    **Exhaustion of Administrative Remedies**:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

          Yes _____     No _____     Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

          Yes _____     No _____     Do Not Know _____

          If YES, which claim(s)?
          _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

          Yes _____     No _____

          If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

          Yes _____     No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
          _____

          1.      Which claim(s) in this complaint did you grieve?
           _____

           _____

          2.      What was the result, if any?
           _____

           _____

          3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
          _____
          _____
          _____
          _____

F.      If you did not file a grievance:

          1.      If there are any reasons why you did not file a grievance, state them here:
           _____
           _____
           _____

_____
_____
_____

2.      If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.     Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.    Previous lawsuits:**

On
these
claims

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____ No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

On
other
claims

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____    No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.        Is the case still pending?  Yes _____   No _____

              If NO, give the approximate date of disposition_____

7.        What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
              _____
              _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20__.

                            Signature of Plaintiff    _____

                            Inmate Number         _____

                            Institution Address     _____

                                               _____

                                             _____

                                             _____

<u>Note</u>:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                            Signature of Plaintiff:   _____